1  CHARLES S. PAINTER (SBN 89045)
   REGINALD A. DUNN (SBN 192632)
2  ERICKSEN, ARBUTHNOT, KILDUFF,
   DAY & LINDSTROM, INC.
3  100 Howe Avenue, Suite 110 South
   Sacramento, CA  95825-8201
4  (916) 483-5181 Telephone
   (916) 483-7558 Facsimile
5
   Attorneys for Defendant
6  EAGLE MOLDING COMPANY # 1

7

8              UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10 ROY B. SMITH; VICKI SMITH          )   CASE NO. CIV.S-04-1245 LKK GGH
                                      )
11          Plaintiffs,               )   **STIPULATION AND ORDER TO**
                                      )   **MOVE PRE-TRIAL SCHEDULING**
12 vs.                                )   **DATES**
                                      )
13 EAGLE MOLDING COMPANY #1           )   [FRCP section 35(a)(b)]
                                      )
14          Defendants.               )
   _____ )
15                                    )
   LIBERTY MUTUAL FIRE INSURANCE      )
16 COMPANY,                           )
                                      )
17          Intervenor.               )
   _____ )
18

19        COME NOW, plaintiffs ROY AND VICKI SMITH by and through their attorney of record,

20 Anthony J. Poidmore of the LAW OFFICES OF ANTHONY J. POIDMORE; defendant EAGLE

21 MOLDING COMPANY#1, by and through its attorney of record, Charles S. Painter of the law firm

22 ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.; and intervenor, LIBERTY

23 MUTUAL FIRE INSURANCE COMPANY, by and through its attorney of records, Robert R.

24 Luster, Jr., of the law firm BROWNWOOD, CHAZEAN & CANNON and pursuant to the Federal

25 Rules of Civil Procedure, Rule 16, (b) submit the following stipulation for the court's consideration:

26        Although the parties have been diligent in their efforts to complete discovery in order to

27 prepare this case for trial, the parties have been unable to complete all necessary discovery so that

28

---

STIPULATION AND ORDER RE PRE-TRIAL SCHEDULING DATES          -1-
04-110/PLEADING.051
CSP:ep

experts and their reports can be disclosed on May 30, 2006.  The parties, however, do not believe

it is necessary to move the current trial date of May 8, 2007.

The parties stipulate to an order continuing  all dates set forth in the court's Status (Pre-Trial

Scheduling) Conference order dated January 11, 2005, for a minimum of 90 days as follows:

The parties request this order based upon the following good cause:

| Event | Current Due Date | Proposed Due Date |
|---|---|---|
| Disclose Experts & Reports | May 30, 2006 | August 30, 2006 |
| Last Day re Motions To Compel Discovery | June 30, 2006 | September 30, 2006 |
| Summary Statement of Law & Motion Practice Heard | July 14, 2006 | October 16, 2006 |
| Closure of Discovery | July 30, 2006 | October 30, 2006 |
| Last Day re Non-discovery Law & Motion | September 30, 2006 | November 30, 2006 |
| Last Day to File Respective Pre-Trial Statements | Per Local Rules 40-28 and 16-281 | Per Local Rules 40-28 and 16-281 |
| Last Day to File Joint Statement re Disputed and Undisputed Factual Issues | Per Local Rule 16-281(b)(3), (4), and (6) | Per Local Rule 16-281(b)(3), (4), and (6) |
| Final Pre-Trial Conference | February 5, 2007 | February 5, 2007 |
| Trial | May 8, 2007 | May 8, 2007 |

# I.

## THE NATURE OF THE CASE

This action arises out of a very serious industrial accident which occurred on September 18,

2002, at defendant's place of business in Yuba City, California.

Plaintiff, ROY B SMITH, is a  long haul truck driver.  At the time of this incident he was 50

years old and employed as a truck driver by Maverick Transportation which is headquartered in Little

Rock, Arkansas.  Plaintiffs, ROY B. SMITH AND VICKI SMITH, resided in Arcola, Texas.

1   ROY B. SMITH claims he was seriously injured during the loading of his tractor trailer rig

2   when a very heavy tarp used to cover the load fell and struck him on the head.  Plaintiff contends he

3   has suffered a very serious closed head injury as well as injuries to his spinal column.   As a result

4   of this incident plaintiff, ROY B. SMITH, claims the following injuries:

5   "Cervical fracture, Thoracic Crush Fracture T6, Lower back pain, Depression, Nerve

6   damage C6, C7 & C8, and causing weakness of both hands and loss of fine motor

7   skills."

8   The majority of his medical treatment has been in Texas.

9   He has undergone the following medical procedures:

10  "Cervical spine exploration, bilateral C5-6 and left C6-7 laminectomy and

11  foraminotomy. Resections of fractured facet bony process of left C6-7 with nerve

12  root decompression (followed by posterior spinous process fusion ). Anterior cervical

13  discectomy, fusion with plating C5-7, posterior exploration of fusion C5."

14  Plaintiff contends he will need additional medical treatment and surgeries in the future.

15  His medical expenses exceed $200,000.00.

16  Plaintiff, ROY B. SMITH, has not worked since the accident and he claims his wage loss

17  claim to date exceeds $200,000.00.  Plaintiff is making a future wage loss claim and alleges it will

18  exceed $4 million.  Plaintiff, VICKI SMITH, is making a loss of consortium claim.

**II.**

**PROCEDURAL HISTORY OF CASE AND**

**DISCOVERY ATTEMPTED AND COMPLETED**

22  Attached as Exhibit "A" to this Stipulation is a complete Procedural History of this case as

23  well as the discovery conducted to date and the discovery that has been attempted and/or is currently

24  scheduled to take place.

25  //

26  //

27  //

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### GOOD CAUSE FOR ORDER RESETTING

### PRETRIAL DATES AND TRIAL DATES

The parties have worked diligently together to complete discovery in a timely manner.  Due to (a) the nature of Plaintiff's injuries, (b) claimed monetary damages, (c) and the fact that he is not a resident of California, efforts to complete discovery timely have been complicated.  Adding to this complication is the fact that Plaintiff's wife is now ill.  This has further hampered Plaintiff's availability for deposition.  All parties have extended professional courteous and have been flexible throughout the discovery process, but despite their best efforts Plaintiff's deposition has not been completed.

The parties **do not** believe that the May 8, 2007 trial date needs to be moved.  Instead, it is the pre-scheduling dates that need to be altered so that the parties can prepare their respective cases in a complete and thorough manner. Once this occurs, all parties will be in a position to determine if settlement is a reasonable possibility.  In this regard, all parties are scheduled to disclose experts and their respective reports on or before May 30, 2007.  Defendant has retained medical experts in the areas of physical medicine and rehabilitation, neuro-surgery, neurology, neuropsychology, psychiatry and vocational rehabilitation.  In order for Defendant's experts to prepare complete and thorough reports, Plaintiff's deposition needs to be completed.  Plaintiff is in a different position in this regard, since his experts would seemingly have unfettered access to Plaintiff's version of events, and current complaints via telephone or other means of communication.

Defendant had scheduled plaintiff to travel from Texas to California on October 03, 2005 through October 7, 2005 for his deposition and medical examinations. Plaintiff Roy Smith was scheduled for deposition on October 03, 2005 and his medical examinations were set to go forward as follows:

      a.      On 10/4/05 the Plaintiff was scheduled for an Independent Medical Examination with Richard Rubenstein, M.D., neurologist, in the Bay Area.

b.    On 10/5/05 the Plaintiff was scheduled for an Independent Medical Examination with Stuart M. Pickel, M.D., psychiatrist in the Bay Area..

c.    On 10/5/05 and 10/6/05 the Plaintiff was scheduled for an Independent Medical Examination with William D. Hooker, Ph.D., neuropsychologist in the Bay Area..

d.    On 10/7/05 the Plaintiff was scheduled for an Independent Medical Examination with Laura Anderson, M.D., neurosurgeon in Sacramento, California.

Shortly before the date set for Mr. Smith's deposition and medical examinations, his wife, Vicki, was hospitalized.  This caused the deposition and medical examinations to be taken off calendar.

Plaintiff was ultimately deposed on March 8 and March 9, 2006, but his deposition was not completed.  Due to the illness of Plaintiff's wife and his current Texas residency status, the deposition has not resumed.

Defendant will need a minimum of 90 days to (a) coordinate and complete the deposition of plaintiff, Roy Smith, (b) obtain their written reports, and (c) disclose experts pursuant to the Federal Rules of Civil Procedure.

Accordingly, the parties respectfully request this court reset the pretrial and trial date for a minimum of 90 days as set forth above.  The parties believe all necessary discovery can be completed without the necessity of moving the May 8, 2007 trial date.

In the alternative, if the court is unwilling to issue an order in accordance with this stipulation, the parties request the court reset the disclosure of experts 45 days in order to allow defendant time to either (a) file a Noticed Motion on this issue, and/or (b) schedule a telephonic conference with the Court and all parties to this action.

IT IS HEREBY STIPULATED AS FOLLOWS:

1.    Defendant, EAGLE MOLDING COMPANY, wishes to move the following pre-trial scheduling dates for a period of 90 days as set forth above.

//

//

1   DATED:   April 28, 2006

2                                          ERICKSEN, ARBUTHNOT, KILDUFF,
                                           DAY & LINDSTROM, INC.

3                                              s/ Charles S. Painter

4                                          By: _____
                                               CHARLES S. PAINTER
5                                              Attorney for Defendant
                                               EAGLE MOLDING COMPANY# 1
6

7
    DATED:   April 28, 2006
8
                                           LAW OFFICES OF ANTHONY J
9                                          POIDMORE

                                               s/ Anthony J. Poidmore
10
                                           By: _____
11                                             ANTHONY J. POIDMORE
                                               Attorney for Plaintiffs ROY B.
12                                             SMITH and VICKI SMITH

13
    DATED:   May 1, 2006
14
                                           BROWNWOOD, CHAZEAN & CANNON
15
                                               s/ Robert B. Luster
16
                                           By: _____
17                                             ROBERT B. LUSTER
                                               Attorney for Intervener LIBERTY
18                                             MUTUAL FIRE INSURANCE
                                               COMPANY:
19

20                              **<u>ORDER</u>**

21      The schedule set forth above is ADOPTED by the court.

22      IT IS SO ORDERED.

23      DATED: May 2, 2006.          /s/Lawrence K. Karlton
24                                   LAWRENCE K. KARLTON
                                     SENIOR JUDGE
25                                   UNITED STATES DISTRICT COURT

26

27

28