UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROY B. SMITH and VICKI SMITH,

        Plaintiffs,

    v.

EAGLE MOLDING COMPANY #1, et al,

        Defendants.
_____/

NO. CIV. S-04-1245 LKK/GGH

O R D E R

    Pending on the November 13, 2006 law and motion calendar is plaintiffs' motion to modify the scheduling order. Plaintiffs seek to extend the date for the disclosure of expert witnesses. For the reasons set forth below, plaintiffs' motion is denied. The matter is decided on the papers and without oral argument.

**I.**

**Background**

**A.   Procedural History**

    Plaintiffs, Roy and Vicki Smith, bring suit against defendant,

1

Eagle Molding Company.[1]  Plaintiffs' allege that defendant acted negligently when plaintiff Roy Smith was injured while loading a tractor trailer on the defendant's premises.  Roy Smith, a long haul truck driver by trade, seeks past and future medical expenses and lost wages.

The procedural history of this case has been marked by delay. Plaintiffs filed suit on June 29, 2004.  A scheduling order was issued on January 1, 2005. At the request of the parties, a second scheduling order containing new dates was issued on December 19, 2005.  The scheduling order was amended for a third time on May 2, 2006.  In that order, the deadline for the designation of expert witnesses was set for August 30, 2006.[2]

**B.   Facts Relevant To The Pending Motion**

Plaintiffs seek to disclose the names of additional experts. Plaintiffs claim that they did not know the names of these experts by the deadline for the disclosure of experts, which was August 30, 2006.

Plaintiffs explain that in October of 2002, they retained Ron Scott as an investigator and accident reconstruction expert. Mr. Scott assembled a team of other reconstruction experts to film a

---

[1]   Liberty Mutual Fire Insurance Company is an intervenor in this case.

[2]   Plaintiffs did file a list of expert witnesses at that time, but as defendant points out, failed to include expert reports.  This fact, however, is immaterial to the pending motion. It is also worth noting that there has been no law and motion practice in this case and the law and motion hearing deadline is November 30, 2006.

2

1 reconstruction of the accident at issue in the case.  This filming
2 and reenactment took place in August of 2005.   Plaintiffs'
3 counsel states in his declaration attached to the pending motion
4 that in mid-August of 2006, he attempted to contact Mr. Scott in
5 order to obtain the names of the reconstruction experts.
6 Plaintiffs' counsel was unable to reach Mr. Scott and eventually
7 learned that Mr. Scott was in prison.
8    Plaintiffs' counsel arranged to visit Mr. Scott in prison on
9 September 28, 2006.  At this meeting, Mr. Scott informed
10 plaintiffs' counsel that because of his criminal conviction, which
11 was related to practicing law without a license, all his
12 investigative files had been confiscated. Therefore, Mr. Scott had
13 no way of providing plaintiffs' counsel with the names of the
14 reconstruction experts.
15    Additionally, either before or after the meeting with Mr.
16 Scott, plaintiffs' counsel did learn the identity of one of these
17 experts (Wes Harriman), but was unable to locate this expert or
18 find any contact information for him. Neither Mr. Harriman nor Mr.
19 Scott were listed on plaintiffs' August 30, 2005 disclosure.
20    Plaintiffs' counsel believes that there may be alternative
21 ways of obtaining the contact information of the various
22 reconstruction experts and would like time to follow up on this
23 possibility.  For these reasons, plaintiffs are asking that the
24 scheduling order be modified so as to allow plaintiffs to file a
25 "supplemental disclosure of expert testimony."
26 ////

3

## II.

### Rule 16 (b) Standards

Because the court has filed a pretrial scheduling order Federal Rule of Civil Procedure 16 governs the procedure for amending the pleadings. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992); see 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (same), cert. denied, 405 U.S. 974, 92 S. Ct. 1191, 31 L.Ed.2d 248 (1972). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. See Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me. 1985). If the moving party was not diligent, the inquiry should end.

////

### III.

### Analysis

**A.     Diligence**

The court is not persuaded that "good cause" exists which would justify amending the scheduling order.  It is well established that the "pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (citations omitted).  Here, these is no evidence that plaintiffs' counsel acted with diligence in attempting to meet the deadlines set forth in the scheduling order.

First, it is important to note that the discovery deadlines in this case have already been extended on three separate occasions.  Plaintiffs' counsel fails to explain why the extension of these deadlines was insufficient to allow him time to prepare his list of expert witnesses.

Second, plaintiffs' counsel, by his own admission, did not attempt to contact Mr. Scott until two weeks before the deadline for the disclosure of experts.  As plaintiffs' counsel explains, it was through Mr. Scott that counsel hoped to learn the names of the experts who were present at the accident reconstruction.  The accident reconstruction occurred on August 25, 2005.  Therefore, plaintiffs' counsel had from August 25, 2005 until August 30, 2006 (the deadline to disclose experts) to learn the names and contact information of the reconstruction experts.  Plaintiffs' counsel's decision to wait until two weeks before the deadline to attempt to

gather the names of his experts does not constitute acting with diligence. Similarly, there is no explanation as to why plaintiffs' counsel waited to learn the name and contact information of Mr. Harriman. As noted above, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Engleson, 972 F.2d at 1043.

Third, the deadline for the disclosure of experts was August 30, 2006. By his own admission, plaintiffs' counsel learned of Mr. Scott's incarceration sometime in mid-August. However, plaintiffs' counsel fails to explain why he waited until September 28, 2006 to file the pending motion. Although there is no rule regarding when a motion to amend must be filed, the fact that plaintiffs' counsel waited a month to file the pending motion indicates a lack of diligence. For these reasons, the court finds that plaintiffs do not establish good cause as required by Rule 16(b).

**2. Prejudice**

The existence or degree of prejudice to the defendant may supply additional reasons to deny a motion to amend under Rule 16. Johnson, 975 F.2d at 609.

In the case at bar, there is ample evidence of prejudice. Discovery has closed, and all experts have already been designated. Allowing plaintiffs to file a supplemental disclosure would require that discovery be reopened. Moreover, as mentioned earlier, the deadlines in this case have been extended on multiple occasions. Granting plaintiffs' motion to modify the scheduling order would lead to even greater delay and would require the court to reset the

1 pre-trial and trial dates for the fourth time.
2 See Johnson, 975 F.2d at 607(court need not allow amendment where
3 such amendment would create undue delay).
4     In short, the court finds that plaintiffs fail to establish
5 good cause for modifying the scheduling order.  Therefore, the
6 court orders as follows:
7     1.  Plaintiffs' motion to modify is DENIED.
8     2.  The hearing set for November 13, 2006 is VACATED.
9     IT IS SO ORDERED.
10    DATED: November 3, 2006.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT